UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT


Frank W. Fellows,

      Petitioner,

      v.                                Civil Action No. 5:17-cv-187

State of Vermont,

      Respondent.


## REPORT AND RECOMMENDATION AND ORDER
(Docs. 3, 5, 7, 9, 14)

Frank Fellows, a Vermont inmate proceeding *pro se*, has filed a Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Respondent the State

of Vermont.  (Doc. 3.)  In 2010, Fellows was convicted in state court of sexual

assault and lewd and lascivious conduct with a child after a jury trial.  He is

currently serving concurrent state sentences of five years to life, and five to fifteen

years.

Fellows's Petition and subsequent Amendments attack the proceedings both

in his underlying criminal trial and in his postconviction relief (PCR) case.  (*See*

Docs. 3, 12, 13.)  Reading Fellows's papers liberally, he appears to assert the

following grounds for relief: (1) his *Miranda* rights were violated; (2) his right to a

fair and speedy trial was violated; (3) his Fifth Amendment right to a fair and

impartial trial was violated due to his decision not to attend parts of his trial,

resulting in his inability to confront adverse witnesses; (4) his rights under the Vermont Public Defender Act (13 V.S.A. § 5231 *et seq.*) were violated; (5) his criminal trial counsel was ineffective and conspired against him with the prosecutor and jury; (6) the prosecutor at his criminal trial committed various acts of misconduct, including coercing witnesses, tainting the jury, and withholding evidence; (7) transcripts of the trial court sentencing hearing were tampered with and altered to make his sentence harsher; (8) judgment against him was rendered without notice to him or his appearance; and (9) his PCR attorney was ineffective, resulting in a delay in the proceedings such that state remedies are now futile. (*Id.*) Fellows claims that, "had it not been for the[se] constitutional and plain errors[,] no reasonable factfinder would have found [him] guilty." (Doc. 12 at 3.)

In response to Fellows's Petition, Respondent has filed a Motion to Dismiss, seeking to dismiss without prejudice "various claims" contained in the Petition on several different grounds. (Doc. 5 at 1.) First, Respondent contends that the Petition should be dismissed because "there is an ongoing and active PCR case in the Vermont Superior Court." (*Id.* at 4; *see also id.* at 9.) Second, Respondent asserts that, although the Petition is difficult to understand, it appears to raise claims that are not cognizable in a petition arising under 28 U.S.C. § 2254, including claims that PCR counsel was ineffective. (*Id.* at 4–5, 9.) Third, Respondent argues that some of Fellows's claims are barred by procedural forfeiture because Fellows did not file his Petition within the applicable one-year statute of limitations found at 28 U.S.C. § 2244(d)(1). (*Id.* at 7, 11.) Fourth, Respondent

contends that Fellows's claim of objectionable conduct by the prosecutor in his criminal trial is procedurally barred because Fellows failed to raise it in the trial court and on direct appeal to the Vermont Supreme Court. (*Id.* at 8.) Finally, Respondent urges that, if Fellows shows good cause to stay (rather than dismiss) his Petition, he must amend the Petition to replace the Vermont Commissioner of Corrections for the State of Vermont as Respondent. (*See id.*)

Respondent has also filed a Motion for Extension of Time, seeking an extension of time to answer the Petition until thirty days after an amended petition has been filed. (Doc. 7 at 2.) In support, Respondent argues that the Petition does not comply with Rule 2(c) and (d) of the Rules Governing Section 2254 Cases, which state in relevant part that petitions filed under § 2254 must "state the facts supporting each ground" and must "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." *Rules Governing Section 2254 Cases in the United States District Courts: 28 U.S.C.A. Foll. § 2254*, Postconviction Remedies Appendix B, Rule 2(c)(2) and (d) (June 2017 update). Respondent also claims the Petition does not comply with Rules 10(b) and 12(e) of the Federal Rules of Civil Procedure. Rule 10(b) requires that a party must "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Fellows has filed a Response to Respondent's Motion to Dismiss (Doc. 11); and has moved for the Court to "order the State Police Department of St. Johnsbury . . . to turn over [a copy of an April 2009 police recording involving a detective and Fellows]," along with "proof of [a]uthentication," and to also turn over several transcripts from Fellows's PCR trial (Doc. 9). Fellows has also filed a letter asking the Court to hold a "status conference by phone" and to hear his pending Petition and Amendments in a "speedy" manner. (Doc. 14.) No particular reason is stated in support of the requested status conference. (*Id.*)

For the reasons explained below, I recommend that Respondent's Motion to Dismiss (Doc. 5) be GRANTED in part, as follows: Fellows's Petition (Doc. 3) should be DISMISSED without prejudice as unexhausted, except with respect to his PCR-related claims and his Vermont Public Defender Act claims, which should be DISMISSED *with prejudice*. Given these recommendations, I further recommend that Respondent's Motion to Dismiss (Doc. 5) be DENIED with respect to the claims regarding a stay and changing the name of the respondent on the Petition. Regarding the remaining motions, Respondent's motion seeking an extension of time to respond to the Petition (Doc. 7) is DENIED as moot; Fellows's motion seeking an order requiring the production of police recordings and trial transcripts (Doc. 9) is DENIED as moot; and Fellows's request for a status conference (Doc. 14) is DENIED as moot.

# Factual and Procedural Background[1]

## I.    Criminal Trial and Conviction

Following an investigation by the Department of Children and Families in April 2009, Fellows was charged in the Essex County Superior Court with sexual assault and lewd and lascivious conduct with a child, his 14-year-old daughter. Fellows denied the charges, and the case proceeded to a three-day jury trial beginning on September 21, 2010.  (Doc. 5-2 at 3–4.)  At the trial, the State called to the stand the victim (Fellows's daughter) and six other witnesses: a clinical psychologist who testified as an expert witness, the nurse practitioner who examined the victim after the incident, the victim's counselor, the victim's teacher, the victim's friend who helped the victim report the incident, and the police officer who conducted the initial interview of Fellows about the incident.  *Fellows*, 2013 VT 45, ¶ 8.  Fellows called his two sisters as witnesses.  *Id.*

Fellows was out on conditions of release pending trial.  Without explanation, however, he did not attend the second and third days of trial, resulting in the issuance of a warrant for his arrest.  (Doc. 5-2 at 4.)  In October 2010, the jury convicted Fellows, and he was later sentenced to concurrent sentences of five years to life for the sexual assault conviction and five to fifteen years for the lewd and lascivious conduct conviction.  (*Id.* at 4–5.)  At his October 11, 2011 sentencing hearing, Fellows conceded that he had fled after the first day of trial, explaining

---

[1] This factual summary is largely derived from the Vermont Supreme Court's opinion in *State v. Fellows*, 2013 VT 45, 194 Vt. 77, 76 A.3d 608.

that he was frustrated with his lawyer's representation of him and "decided [that his] own lawyer w[as not] even trying to fight [for him]." (Doc. 5-1 at 2.)

Fellows appealed his conviction and sentence to the Vermont Supreme Court on two principal grounds: (1) "the trial court erred by allowing the State to question [Fellows's] sisters about [Fellows's] sexual relationship with [the victim's] mother when she was a minor and to use the evidence of that relationship in its closing argument to show that [Fellows] acted in conformity with that prior bad act," *Fellows*, 2013 VT 45, ¶ 10; and (2) "the trial court committed reversible error when it admitted testimony from [the victim's friend] relating the conversations that she had with [the victim] on the day after the incident," *id.* at ¶ 21. On June 28, 2013, the Vermont Supreme Court affirmed Fellows's conviction. *Id.* at ¶ 1.

Fellows now appears to claim that he filed a motion asking the court to reconsider his sentence and that the court denied that motion in reliance on the prosecutor's false statement that it was untimely. (Doc. 3 at 2.) A review of the docket, however, shows that no such motion was filed. (*See generally* Docket, *State v. Fellows*, No. 54-4-09 Excr (Vt. 2013); *see also* Doc. 5-2.)

## II.   PCR Petition

On November 5, 2013, Fellows filed a PCR Petition in state court, arguing that he received ineffective assistance of counsel from his trial attorney. (Doc. 5-4 at 1.) In its entirety, the PCR Petition states as follows:

> [My attorney] dozed off on more than one occasion[;] he was late on more than one occasion[;] he failed to investigate evidence or lack thereof[;] and he failed to counsel me or defend me in any way. He began my case in court by bringing prejudicial evidence against me about my past which allowed the State to use that against me throughout the trial and

in its closing argument. He did not ensure witnesses were used in the proper order. He did not object when necessary during the cross-examination of my character witnesses. I believe that he convinced the prosecution to add the second charge of lewd and lascivious conduct. He failed to get a deposition from the victim at the beginning to use in cross-examination during the trial. He refused to use some of the character witnesses I thought were valuable to my case. He should have put in a request to post[]pone my trial until I was located instead of proceeding without me.

*Fellows v. Vermont*, No. 50-11-13 Excv (Vt. Super. Ct. filed Nov. 5, 2013). On

December 10, 2013, Attorney Mark Furlan entered his appearance in the case as

counsel for Fellows. (Doc. 5-4 at 2.)

In June, July, and August 2017, the Essex Civil Division of the Vermont

Superior Court held four days of hearings in connection with Fellows's PCR

Petition. (*Id.* at 6–7.) The Petition remains pending in that court.

## III.    Petition for Writ of Habeas Corpus

On October 2, 2017, Fellows filed the instant Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254. (Doc. 3.) Approximately one month later,

Fellows filed two Amendments to the Petition. (Docs. 12, 13.) Although "an

amended complaint ordinarily supersedes the original, and renders it of no legal

effect," *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998)

(internal quotation marks omitted), because it is difficult to understand Fellows's

factual allegations without considering the original Petition together with the

subsequent Amendments, and given Fellows's *pro se* status, I have considered all

three documents as one, *see Herbert v. Delta Airlines*, No. 12-CV-01250 (SLT)(LB),

2014 WL 4923100, at *1 n.2 (E.D.N.Y. Sept. 30, 2014) (reading pro se plaintiff's

original and amended complaints together).

As summarized above, Fellows claims nine grounds for relief in his Petition and subsequent Amendments, most of them relating to his underlying criminal trial. (Docs. 3, 12, 13.) He alleges that he is being held in violation of the United States Constitution and federal laws (Doc. 3 at 1), and seeks to be released from custody until the State "can show they have a reason to retry this case fairly and allow [him] to confront the wi[]tness[es] against [him]" (*id*. at 2). Each of Fellows's grounds for relief is raised for the first time in the Petition and Amendments, with the exception of certain components of the ineffective assistance of counsel claim against his trial attorney, Sten Lium, which are currently being litigated in the pending PCR proceedings. As discussed below, most of Fellows's claims remain to be resolved both in the state trial court and in the appellate court. Also noteworthy, although the Petition and Amendments contain many theories and accusations, they include very few facts.

## Analysis

**I.      Motion to Dismiss**

**A.      Legal Standard**

Fellows's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to petitions filed by incarcerated state court defendants seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Under this statute, a federal court may not grant a state prisoner's habeas application unless the relevant state-court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000). "[C]learly established Federal law" "refers to the holdings, as opposed to the dicta," of the Supreme Court's decisions "as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). And a state-court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law," or decides a case differently than the Supreme Court on "materially indistinguishable" facts. *Williams*, 529 U.S. at 405. Relief is appropriate under the "unreasonable application" clause of § 2254(d)(1) "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Federal courts considering habeas petitions brought under § 2254 must give the state court's adjudication "a high degree of deference," *Yung v. Walker*, 341 F.3d 104, 109 (2d Cir. 2002) (citing *Brown v. Artuz*, 283 F.3d 492, 497 (2d Cir. 2002)), and the state court's "determination of . . . factual issue[s] . . . shall be presumed to be correct," 28 U.S.C. § 2254(e)(1); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (standard under § 2254 is "difficult to meet" and "highly deferential . . . for evaluating state-court rulings, . . . demand[ing] that state-court decisions be given the benefit of the doubt" (internal quotation marks omitted)). The petitioner has the burden of rebutting this presumption of the state court's correctness by "clear and convincing evidence." *Yung*, 341 F.3d at 109.

## B.     Exhaustion

Federal courts generally do not grant habeas relief from a state court conviction, as Fellows seeks here, unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To satisfy this exhaustion requirement, a petitioner "must present the substance of the same federal constitutional claim[s] that he now urges upon the federal courts, to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89–90 (2d Cir. 2001) (alteration in original) (internal citation and quotation marks omitted); *see Rose v. Lundy*, 455 U.S. 509, 518 (1982) (The exhaustion doctrine "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."). Exhaustion may be achieved through either a full round of the state's appellate review process or a full round of postconviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Castille v. Peoples*, 489 U.S. 346, 350 (1989) ("[O]nce the state courts have ruled upon a claim, it is not necessary for a petitioner to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review." (internal quotation marks omitted)). "The burden of proving exhaustion lies with the habeas

petitioner." *Cartagena v. Corcoran*, No. 04-CV-4329 (JS), 2009 WL 1406914, at *3 (E.D.N.Y. May 19, 2009) (citing *Colon v. Johnson*, 19 F. Supp. 2d 112, 120 (S.D.N.Y. 1998)).

In this case, Fellows has not sought direct review of his current claims in the state court. His appeal to the Vermont Supreme Court involved two evidentiary issues, which are not raised in the pending Petition. *See Fellows*, 2013 VT 45. Specifically, as noted above, Fellows's direct appeal to the Vermont Supreme Court involved (1) the testimony of Fellows's two sisters regarding Fellows's sexual relationship with the victim's mother when she was a minor, and (2) the testimony of the victim's friend regarding conversations she had with the victim on the day after the incident. *Id.* at ¶¶ 1, 10, 21. Neither claim is at issue in Fellows's Petition filed in this Court. Furthermore, although Fellows has initiated collateral review of his ineffective assistance of trial counsel claim, the Vermont Superior Court has not yet reached a decision on that issue. *See generally* Docket, *Fellows v. Vermont*, No. 50-11-13 Excv (Vt. 2013). Therefore, Fellows has not completed a "full round" of either appellate or PCR review, and his claims remain unexhausted. *O'Sullivan*, 536 U.S. at 845.

Where, as here, a petitioner has not exhausted his state remedies, the federal court must decide whether his claim should be "deemed exhausted," thereby excusing the requirement that it be presented to a state court. *Ramirez v. Attorney Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001). A claim is deemed exhausted "if it is clear that the state court would hold [it] procedurally barred." *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (quoting *Harris v. Reed*, 489 U.S.

255, 263 n.9 (1989)); *see Aparicio*, 269 F.3d at 90 (federal court may deem a claim exhausted "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile"). In such a case, the petitioner no longer has "remedies available in the courts of the State," within the meaning of 28 U.S.C. § 2254(b)(1)(A). Moreover, unexhausted claims may be deemed exhausted if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* at § 2254(b)(1)(B)(i) and (ii).

Under Vermont law, a claim that has not been raised on direct appeal is "barred" if, absent exigent circumstances, "the movant deliberately bypassed the issue on appeal." *In re Stewart*, 140 Vt. 351, 361, 438 A.2d 1106, 1110 (1981) ("Post[]conviction relief is not a substitute for appeal."). Furthermore, when a § 2254 petitioner has brought a PCR petition in state court, Vermont law dictates that a second such petition may be considered an "abuse of the writ." *In re Laws*, 2007 VT 54, ¶¶ 16–22, 182 Vt. 66, 928 A.2d 1210 (quoting *Sanders v. United States*, 373 U.S. 1, 17 (1963); *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). A petitioner abuses the writ by "raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *Id.* at ¶ 18 (quoting *McCleskey*, 499 U.S. at 489).

Fellows's claims of prosecutorial misconduct at his criminal trial are procedurally barred because Fellows "deliberately bypassed" these claims in his direct appeal to the Vermont Supreme Court. *In re Stewart*, 140 Vt. at 361. Although the Supreme Court in its June 2013 decision addressed certain

questioning and argument of the prosecutor at Fellows's criminal trial (ultimately finding "no plain error in the prosecutor's closing argument," *Fellows*, 2013 VT 45, ¶ 20), Fellows did not raise in that appeal the claims of prosecutorial misconduct raised here. For example, Fellows's appeal to the Supreme Court did not include claims that the prosecutor at his criminal trial coerced witnesses, tainted the jury, improperly delayed the trial, withheld evidence, and corrupted transcripts, all of which are alleged in Fellows's pending Habeas Petition and Amendments. (*See* Doc. 3 at 3, 5; Doc. 12 at 2; Doc. 13 at 1.)

Regarding Fellows's claims of ineffective assistance of his trial counsel, they may be raised postconviction without having been raised on appeal. *See State v. Spooner*, 2010 VT 75, ¶ 23, n.5, 188 Vt. 356, 8 A.3d 469 ("the proper avenue of raising the issue of ineffective assistance of counsel is through a motion for post[]conviction relief, and not through a direct appeal of a conviction" (quoting *State v. Gabaree*, 149 Vt. 229, 232–33 (1988))). And, in fact, as quoted above, Fellows has raised claims of ineffective assistance of his trial counsel in his pending PCR Petition to the state trial court. As noted, however, that Petition remains pending. (*See* Docs. 5-4, 5-5, 5-6.) Therefore, Fellows has not yet exhausted this avenue of relief, and this claim is therefore procedurally barred.

Where, as here, a petitioner has failed to properly exhaust his claims in state court, and "'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" the claim "is procedurally defaulted" for the purpose of federal habeas review. *Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997) (emphasis

omitted) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 (1991)); *see Gray v. Netherland*, 518 U.S. 152, 162 (1996) ("[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default."). To avoid procedural default, the petitioner must demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Acosta v. Artuz*, 575 F.3d 177, 184 (2d Cir. 2009) (quoting *Coleman*, 501 U.S. at 750). Use of the fundamental miscarriage of justice exception is "'extremely rare[,]' and should be applied only in 'the extraordinary cases.'" *Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003) (quoting *Schlup v. Delo*, 513 U.S. 298, 321–22 (1995)).

Fellows's Petition and Amendments make no effort to show either cause for his failure to raise all of his ineffective assistance of counsel arguments in his state PCR Petition, or actual prejudice resulting from that failure. The same is true regarding Fellows's prosecutorial misconduct claims. Nor does Fellows urge the Court to excuse his procedural defaults on the basis of a fundamental miscarriage of justice. In his Petition, Fellows vaguely asserts a "miscarriage of [j]ustice [that] if uncorrected would be an affront to the integrity and reputation of [j]udicial [p]roceedings," without offering any further explanation. (Doc. 3 at 3; *see also* Doc. 12 at 1.) Moreover, throughout his Petition and Amendments, Fellows does not challenge his underlying guilt, instead seeking court review of his sentence in light

of the alleged misconduct occurring throughout his criminal trial and the alleged ineffectiveness of his PCR attorney.  (*See generally* Docs. 3, 12, 13).

Fellows claims "the court has allowed [an] excessive enlargement of time" in his PCR case; and that four years is "not [a] reasonable [amount of time]" for that case to be pending.  (Doc. 10; *see* Doc. 11 at 1 ("The Court has willing[]ly allowed [the pending PCR case] to drag on [for] four year[]s now and still no decision.").)  Moreover, Fellows claims he is "not trying to argue . . . inef[f]ective [assistance of] counsel" in this Court, but rather, he is trying to obtain a resolution of his PCR case.  (Doc. 10.)  Reading Fellows's papers liberally, he thus argues that an exception to the exhaustion requirement should apply here because the four-year delay in his PCR proceedings has rendered those proceedings constitutionally deficient.  *Oliphant v. Dep't of Corr.*, No. 3:04CV470 (CFD), 2006 WL 2432276, at *4 (D. Conn. Aug. 18, 2006) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)).

It is true that "[i]nordinate delay in concluding its post[]judgment criminal proceedings may preclude a state from relying on the exhaustion requirement to defeat [f]ederal review."  *Sapienza v. Vincent*, 534 F.2d 1007, 1010 (2d Cir. 1976).  The Second Circuit has not defined the precise interval that constitutes an "inordinate delay," but it has noted that "an inmate is not required 'to wait six years . . . or even three or four years before enlisting federal aid.'"  *Oliphant*, 2006 WL 2432276, at *4 (quoting *Simmons v. Reynolds*, 898 F.2d 865, 870 (2d Cir. 1990)).  Several decisions in this circuit have held that postconviction proceedings were sufficiently delayed to allow a petitioner to bypass an exhaustion requirement.  The delays in those cases, however, were longer than the delay Fellows alleges here.

*See, e.g., Sapienza*, 534 F. 2d at 1009–10 (over five-year delay); *Simmons*, 898 F. 2d at 870 (six-year delay); *Brooks v. Jones*, 875 F. 2d 30, 31–32 (2d Cir. 1989) (eight-year delay); *cf. Young v. Strange*, No. 3:03CV1661(CFD), 2005 WL 1943573, at *2–3 (D. Conn. Aug. 12, 2005) (over two-year delay insufficient to meet second exception to exhaustion requirement). While a four-year delay may be inconvenient, it does not preclude a state from relying on the exhaustion requirement to defeat federal review.

Accordingly, Fellows's claims have not been exhausted, and he should not be relieved of his default to warrant this Court's review of his unexhausted claims.

## C.    Dismissal With or Without Prejudice

Notwithstanding a petitioner's failure to exhaust, the federal court may dismiss *with prejudice* a habeas petition when the unexhausted claims are "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see* 28 U.S.C. § 2254(b)(2); *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (noting that Rule 4 of the Rules Governing § 2254 Cases "require[] a district judge to dismiss a [habeas] petition [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" (third alteration in original) (internal quotation marks omitted)). Here, given the limited facts and sparse record provided in support of Fellows's Petition and Amendments,[2] the Court is unable to determine if the majority of Fellows's unexhausted claims are plainly meritless. Therefore,

---

[2] For example, the record does not contain information or evidence to support Fellows's allegation that his Miranda rights and rights under the Vermont Public Defender Act were violated. Nor does the record contain information or evidence to support Fellows's claims about corrupted trial transcripts and the court's failure to notify him of judgment.

dismissal of these claims *without prejudice* is appropriate, *with the exception of Fellows's claims regarding the ineffectiveness of his PCR counsel and his Vermont Public Defender Act claims*, which should be dismissed *with prejudice*, as discussed below.

Fellows asserts that the PCR proceedings were constitutionally defective due to the ineffectiveness of his PCR attorney, Mark Furlan. But Fellows's dissatisfaction with PCR counsel is not a basis for habeas relief. Section 2254(i) explicitly states: "The ineffectiveness or incompetence of counsel during Federal or State collateral post[]conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." The Second Circuit explained: "[A]lleged errors in a postconviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for seeking relief." *Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011).

Nor are Fellows's Vermont Public Defender Act (13 V.S.A. § 5231 *et seq.*) claims a proper basis for habeas relief, as they are pure state law claims and "[i]t is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002) (citing 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 US 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")).

Therefore, Fellows's claims regarding the ineffectiveness of his PCR counsel and his Vermont Public Defender Act claims should be dismissed *with prejudice*,

while his remaining claims should be dismissed *without prejudice* for failure to exhaust.

## II.  Stay and Abeyance

Respondent asks the Court to consider a stay so that Fellows might exhaust his unexhausted claims in the state courts and then return to federal court. (Doc. 5 at 11–12.) When presented with a habeas petition containing both exhausted and unexhausted claims, a federal court may stay the petition and hold it in abeyance to give the petitioner an opportunity to exhaust the unexhausted claims in state court. *Rhines*, 544 U.S. at 276–77. However, as the United States Supreme Court explained in *Rhines v. Weber*, staying a federal habeas petition "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277. Therefore, the Supreme Court held that "stay and abeyance should be available only in limited circumstances." *Id.*

The Court in *Rhines* held that three conditions must be satisfied before the district court may grant a petitioner's motion to stay a mixed habeas petition: (1) there must be "good cause" for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims must be "potentially meritorious"; and (3) the petitioner must not have engaged in "abusive litigation tactics or intentional delay." *Id.* at 277–78. If the petitioner fails to satisfy these conditions, the district court should dismiss the petition; or, "if dismissal of the entire petition would

unreasonably impair the petitioner's right to obtain federal relief," the court should permit the petitioner to proceed on only his exhausted claims. *Id.* at 278. If, on the other hand, the petitioner satisfies all three conditions, "the district court should stay, rather than dismiss, the mixed petition." *Id.*

Preliminarily, Fellows has shown neither that he had good cause for his failure to exhaust the relevant claims, nor that these claims are potentially meritorious. Moreover, none of Fellows's claims have been exhausted or should be deemed exhausted for purpose of federal review, and therefore a stay is not an option. *See Kalu v. New York*, No. 08-CV-4984 (NGG), 2009 WL 7063100, at *5 (E.D.N.Y. Sept. 15, 2009) (collecting cases and holding that "the stay-and[-]abeyance procedure described in *Rhines* is not available . . . where . . . the petition is not mixed, and contains only unexhausted claims").

Furthermore, even if this Court determined that Fellows could overcome procedural default by making the requisite showing of cause and resulting prejudice, a stay would nonetheless be inappropriate because all of his claims are time-barred, except for the arguments he has raised in his PCR proceedings. 28 U.S.C. § 2244(d)(1), requires that a petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. *See Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000). Moreover, when § 2244(d)(1) is implicated, the statute of limitations must be applied individually to each claim in the habeas petition. *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004); *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007), *abrogated on other grounds as stated in Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016); *Mardesich v. Cate*, 668 F.3d

1164, 1170 (9th Cir. 2012); *Prendergast v. Clements*, 699 F.3d 1182, 1186–87 (10th Cir. 2012); *Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013) (en banc).  A conviction becomes final "when [the] time to seek direct review in the United States Supreme Court by writ of certiorari expire[s]," that is, 90 days after the final determination by the state court.  *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) (second alteration in original) (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)).  The one-year limitations period is tolled, however, during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2); *see Smith*, 208 F.3d at 16–17.

Applied here, the one-year limitations period commenced 90 days after the Vermont Supreme Court decided Fellows's direct appeal, unless Fellows petitioned the United States Supreme Court for a writ of certiorari within that time period. *See Cordero v. Rivera*, 677 F. Supp. 2d 684, 696 (S.D.N.Y. 2009); *Williams*, 237 F.3d at 150–51.  There is no indication that Fellows filed any such petition.  Accordingly, Fellows's federal habeas limitations period began to run 90 days from the Vermont Supreme Court's June 28, 2013 decision on Fellows's direct appeal, or on September 26, 2013; and the limitations period expired one year from that date, on September 26, 2014.  Fellows did not file the instant Habeas Petition until October 2, 2017, over three years too late.

On the other hand, Fellows filed his PCR Petition in the state court on November 5, 2013, well within the one-year limitations period.  The claims raised in that Petition—which is currently pending before the state court—are therefore not

time-barred, and the statute of limitations remains tolled with respect to the issues raised in the PCR proceedings throughout the duration of those proceedings.

As noted above, the central reason a federal court should stay ruling on a habeas petition containing unexhausted claims is to give the petitioner a chance to exhaust those claims in state court without overrunning the applicable limitations period. *Rhines*, 544 U.S. at 276–78. Here, however, a stay is not warranted because the limitations period on the claims contained in Fellows's Petition and Amendments had already run by the time he filed them, and therefore Fellows faces no risk of overrunning the limitations period while exhausting his claims in state court. Moreover, regarding Fellows's PCR claims, as noted above, the limitations period remains tolled, so there is no danger that those claims will be time-barred. A stay of the pending Petition is therefore not proper. *See Shomo v. Maher*, No. 04-CV-4149KMK, 2005 WL 743156, at *7 n.12 (S.D.N.Y. Mar. 31, 2005) ("[T]here is no basis to retain jurisdiction over a petition that contains only unexhausted claims.").

### III. Respondent's Motion for Extension of Time to Answer and Request for Substitution of Party Respondent, and Fellows's Motion for Production of Documents and Request for Status Conference

Because I recommend that Fellows's Petition and Amendments (Docs. 3, 12, 13) be dismissed, Respondent's motion seeking an extension of time to respond to the Petition (Doc. 7) is denied as moot. Respondent's request that the Commissioner of Corrections be substituted as the proper Respondent (Doc. 5 at 9–10) is granted. Moreover, Fellows's motion seeking an order requiring the production of police recordings and trial transcripts (Doc. 9) and his request for a status conference (Doc. 14) are denied as moot.

## Conclusion

For these reasons, I recommend that Respondent's Motion to Dismiss (Doc. 5) be GRANTED in part, as follows: Fellows's Petition (Doc. 3) should be DISMISSED *without prejudice* as unexhausted, except with respect to his claims regarding the ineffectiveness of his PCR counsel and his Vermont Public Defender Act claims, which should be DISMISSED *with prejudice.* I also recommend that in light of these recommendations Respondent's Motion to Dismiss (Doc. 5) be DENIED insofar as it relates to a suggested stay. That portion of the Motion (Doc. 5) seeking to substitute the Commissioner of Corrections as the proper Respondent is GRANTED.

Regarding the remaining motions, Respondent's motion seeking an extension of time to respond to the Petition (Doc. 7) is DENIED as moot; Fellows's motion seeking an order requiring the production of police recordings and trial transcripts (Doc. 9) is DENIED as moot; and Fellows's request for a status conference (Doc. 14) is DENIED as moot.

I further recommend that the Court refrain from issuing a certificate of appealability. In a § 2254 proceeding, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a certificate will not issue unless reasonable jurists could debate whether the petition should have been resolved in a different manner, or the issues are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). I am unable to find that reasonable jurists

could debate whether Fellows's Petition and Amendments should have been resolved in a different manner.

Dated at Burlington, in the District of Vermont, this 2nd day of March 2018.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).