U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 APR 25 PM 2: 28

CLERK

BY____pjl____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| FRANK W. FELLOWS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:17-cv-187 |
| VERMONT COMMISSIONER OF CORRECTIONS,[1] | ) |
| Respondent. | ) |

**OPINION AND ORDER**
**(Docs. 3, 5, 15)**

Pro se Plaintiff Frank Fellows, an inmate in the custody of the Vermont Department of Corrections (DOC), has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 3.) He asserts errors in his underlying criminal trial and in his post-conviction relief (PCR) case in Vermont state court. (*See* Docs. 3, 12, 13.)[2] Currently pending in this court is the Respondent's Motion to Dismiss. (Doc. 5.) The United States Magistrate Judge issued a Report and Recommendation (R&R) regarding the Motion to Dismiss on March 2, 2018. (Doc. 15.) Plaintiff filed an objection on March 15, 2018. (Doc. 16.) After careful review of the record, the

---

[1] Consistent with 28 U.S.C. § 2242, Rule 2(a) of the Rules Governing Section 2254 Cases, and the Magistrate Judge's Order (Doc. 15 at 22), the caption is amended to substitute Vermont's Commissioner of Corrections for the State of Vermont as the proper respondent for Plaintiff's § 2254 claim. Petitioner insists that the only proper respondent is the State of Vermont. (Doc. 16 at 8.) The court addresses that argument below.

[2] The criminal trial resulted in a conviction that was affirmed in *State v. Fellows*, 2013 VT 45, 194 Vt. 77, 76 A.3d 608. The PCR case is docketed in Vermont Superior Court as *Fellows v. State of Vermont*, No. 50-11-13 Excv. Judge Thomas Zonay's Order in that case issued on April 5, 2018 finding for the State of Vermont. Mr. Fellows has since filed an appeal on April 19, 2018.

Magistrate Judge's R&R, and the objection, the court AFFIRMS, APPROVES, and ADOPTS the R&R, but narrows the rationale for dismissal of certain claims as described below.

## Analysis

### I. Standard Governing Review of the R&R

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. The district judge is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The court applies a "clear error" standard to any unobjected-to determination in the R&R that the court elects to review. *See* Fed. R. Civ. P. 72(b), advisory committee's note; *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (per curiam) (absent objection to a determination in an R&R, district court has discretion to evaluate the determination for clear error); *Beauregard v. Comm'r of Soc. Sec.*, No. 5:13-cv-206, 2014 WL 3747050, at *1 (D. Vt. July 30, 2014); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

### II. Factual and Procedural Background

The R&R includes a recitation of factual and procedural history, with the factual summary drawn largely from the Vermont Supreme Court's decision affirming Mr. Fellows's conviction on direct appeal in *State v. Fellows*, 2013 VT 45, 194 Vt. 77, 76 A.3d 608. (Doc. 15 at 5–8.) For the reasons below, the court finds no basis to disturb the recitations of factual and procedural background in the R&R. Familiarity with that recapitulation is presumed.

Referring to what appears to be a copy of portions of the docket sheet from the criminal trial (Doc. 16-2), Petitioner says that he disputes the dates of certain events in the trial court proceedings and the R&R's "accounts" of those events. (Doc. 16 at 9.) The court has reviewed each of the issues that Petitioner has raised. He suggests some additional details regarding the events in criminal trial proceedings, but none of those details contradict the background set forth in the R&R,[3] nor are they relevant to any issue in Petitioner's objection to the R&R.

Petitioner also suggests that there are additional facts and evidence relevant to this case, but that he cannot afford to get supporting documents. (*See* Doc. 16 at 1, 9.) He further contends that the court should not have denied his November 1, 2017 motion (Doc. 9) for an order requiring the production of police recordings and transcripts from the PCR proceedings. (*See* Doc. 16 at 1, 8–9.) The court's denial of his November 1, 2017 motion was a court order, not a recommendation to the undersigned. (*See* Doc. 15 at 22.) In any case, denial for mootness was proper because—as discussed below—all of Petitioner's claims are subject to dismissal on grounds unrelated to the content of the police recordings or the transcripts from the PCR case. For similar reasons, Petitioner's claim that he is unable to obtain documents does not warrant rejection or modification of the factual recitation in the R&R. He does not articulate what those unspecified documents might say or how they might be material to the legal analysis in the R&R.

---

[3] The R&R states that Mr. Fellows never filed a motion requesting the trial court to reconsider his sentence. (Doc. 15 at 6.) There appears to have been no relevant motion to "reconsider," but Mr. Fellows did file a motion to "reduce" his sentence on September 13, 2013. (*See* Doc. 5-2 at 6; Doc. 16-2 at 1.) Petitioner asserts that the trial court denied that motion relying on a false statement by the prosecutor that the motion was untimely. (Doc. 3 at 2.) That contention might be a component of Petitioner's prosecutorial-misconduct claim, but it is not material to the R&R's analysis of that claim.

3

## III. The R&R's Legal Conclusions

The R&R considers the original § 2254 petition (Doc. 3) together with two "amendments" (Docs. 12, 13), identifying the following nine grounds for relief:

> (1) his *Miranda* rights were violated; (2) his right to a fair and speedy trial was violated; (3) his Fifth Amendment right to a fair and impartial trial was violated due to his decision not to attend parts of his trial, resulting in his inability to confront adverse witnesses; (4) his rights under the Vermont Public Defender Act (13 V.S.A. § 5231 *et seq.*) were violated; (5) his criminal trial counsel [Sten Lium] was ineffective and conspired against him with the prosecutor [Vince Illuzzi] and jury; (6) the prosecutor at his criminal trial committed various acts of misconduct, including coercing witnesses, tainting the jury, and withholding evidence; (7) transcripts of the trial court sentencing hearing were tampered with and altered to make his sentence harsher; (8) judgment against him was rendered without notice to him or his appearance; and (9) his PCR attorney [Mark Furlan] was ineffective, resulting in a delay in the proceedings such that state remedies are now futile.

(Doc. 15 at 1–2, 7.) The R&R concludes that all of these claims are unexhausted, with no basis to deem them exhausted, no showing of cause or prejudice for the procedural bar, and no basis to apply the exception for alleged "inordinate delay" in the PCR case. (*See* Doc. 15 at 10–16.) The R&R recommends dismissal of all claims without prejudice, with the exception of claims (4) and (9), which the R&R recommends dismissing with prejudice. (*Id.* at 16–18.) The R&R also recommends against granting Respondent's request for a stay to allow Petitioner to exhaust his claims in state court. (*Id.* at 18–21.)

Petitioner's objection to the R&R consists largely of assertions that his claims are substantively meritorious. (*See* Doc. 16 *passim*.) Petitioner addresses the exhaustion issue by reiterating his position that the PCR case has been unreasonably delayed. (*Id.* at 4.) He maintains that he is unable to exhaust his state remedies because "the P.C.R. trial ended Aug. 15, 2017 and the court has yet to make a decision." (*Id.*)

4

A.   Exhaustion—Ineffective-Assistance-of-Trial-Counsel Claim

The only portion of the R&R's exhaustion analysis that Petitioner challenges is the rejection of his argument based on delay in the PCR proceedings. In his pending PCR petition Mr. Fellows asserts an ineffective-assistance-of-counsel claim directed at trial counsel Sten Lium. (*See* Doc. 15 at 6–7 (reciting allegations in PCR petition).) That claim is identified as number (5) in this § 2254 case. Because that claim remains pending in the Vermont Superior Court, it is unexhausted. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007) ("State remedies are exhausted *at the end* of state-court review." (emphasis added)); *Hall v. Sorrell*, No. 1:09-CV-291, 2010 WL 1740816, at *1–2 (D. Vt. Apr. 7, 2010) (ineffective-assistance claim in § 2254 petition was unexhausted because that same claim was asserted in pending PCR petition), *report and recommendation adopted* 2010 WL 1740819 (D. Vt. Apr. 28, 2010).

Under § 2254, failure to exhaust is excused if "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or if "circumstances exist that render such process ineffective to protect the rights of the applicant," *id.* § 2254(b)(1)(B)(ii). Here, because Mr. Fellows's PCR petition is currently pending, he has not shown an absence of state process. *See Mumley v. Hofmann*, No. 2:06-CV-145, 2007 WL 321403, at *2 (D. Vt. Jan. 30, 2007). The court therefore focuses on whether the state PCR process is ineffective or futile. *See Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (noting exception to the exhaustion requirement under § 2254(b)(1)(B)(ii) "where further pursuit would be futile").

Futility exists where "the failure to exhaust was a result of inordinate delay. . . in the state courts." *Washington v. James*, 996 F.2d 1442, 1449 (2d Cir. 1993) (citing *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992)); *see also Sapienza v. Vincent*, 534 F.2d 1007, 1010 (2d Cir. 1976) ("Inordinate delay in concluding its post-judgment criminal proceedings may preclude a

state from relying on the exhaustion requirement to defeat Federal review."); *United States ex rel. Goodman v. Kehl*, 456 F.2d 863, 869 (2d Cir. 1972) ("[A]n inordinate and unjustified delay in the state corrective process may well result in the frustration of petitioner's rights and be such a circumstance as to render that process ineffective." (quoting *Dixon v. Florida*, 388 F.2d 424, 425 (5th Cir. 1968))). Here, as the R&R describes, the PCR petition was filed on November 5, 2013, and was tried before the Vermont Superior Court over four days in June, July, and August 2017. (Doc. 15 at 6–7.) The Superior Court has not yet issued a decision on the PCR petition. The R&R concludes that even though this "four-year delay may be inconvenient, it does not preclude a state from relying on the exhaustion requirement to defeat federal review." (*Id.* at 16.)

With respect to delays in direct appeals, there is no "specific interval of time after which a habeas petition based on delay of a state prisoner's appeal would excuse compliance with the federal exhaustion requirement." *Simmons v. Reynolds*, 898 F.2d 865, 870 (2d Cir. 1990).[4] There is similarly no precise time interval that constitutes inordinate delay in PCR proceedings. *Mumley*, 2007 WL 321403, at *2. In contrast to delays in direct appeals, courts have held that delays in state collateral proceedings must be "unusually lengthy" to excuse exhaustion. *See Holley v. Brighthaupt*, No. 3:14-cv-1041 (RNC), 2014 WL 7239846, at *2 (D. Conn. Dec. 17, 2014) (citing cases).

Here, the approximately four-year span of time between the filing of PCR petition and the PCR trial is approaching the five-year delay in *Sapienza* that may have caused the respondent

---

[4] The six-year delay in the defendant's direct appeal in *Simmons* deprived him of his right to a speedy appeal, and was cause for the federal district court to reach the merits of the § 2254 petition despite the failure to exhaust state remedies. *See id.* at 867. The Second Circuit found that the district court's opinion on that point was "well-reasoned," and focused its attention on whether the denial of due process through excessive delay of the direct appeal entitled Simmons to release. *See id.*

in that habeas case not to even argue failure of exhaustion. *See Sapienza*, 534 F.2d at 1010. But unlike *Sapienza*, Mr. Fellows's PCR petition is not "in a state of suspended animation." *Id.* Inspection of the PCR court's docket sheet (Doc. 5-4) reveals a lengthy pretrial process, but the case ultimately did go to trial and is now under submission with the PCR court.[5]

Petitioner's objection focuses specifically on the period of time since the conclusion of the PCR trial. (*See* Doc. 16 at 4.) He maintains that he is unable to exhaust his state remedies because the PCR court has not made a decision in the seven months since the PCR trial concluded. (*Id.*) That is not an insubstantial amount of time for a trial to be under submission.[6] On the other hand, the lengthy pretrial proceedings in the PCR case and the multi-day trial suggest a case requiring detailed scrutiny of facts and law. And in any event, the PCR case is still unlike *Sapienza*; there is no suggestion that it has fallen by the wayside or entered a state of suspension. The court accordingly agrees with and adopts the R&R's conclusion that the delay in this case does not qualify as an exception to the exhaustion requirement.[7]

---

[5] Notably, Mr. Fellows filed multiple motions for enlargements of time in the course of the PCR litigation. (*See* Doc. 5-4 at 1.) Docket entries suggest that the PCR court attempted to move the case expeditiously to trial, setting deadlines, holding status conferences, resolving motions, and suggesting consequences for failure to meet deadlines. (*See id.* at 2–6.)

[6] Such lengths of time are cause for increased attention in the federal system. *See* 28 U.S.C. § 476(a) (requiring reports for motions pending and bench trials under submission for more than six months).

[7] The court rejects Mr. Fellows's suggestion that the proper respondent in this case should be the State of Vermont or the State's courts. (*See* Doc. 16 at 8.) He faults the PCR court for not making a timely decision. But this court does not have mandamus jurisdiction over the operation and proceedings of state courts. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). The court does have jurisdiction to entertain a habeas petition, but as noted above, the petition must name as the respondent the person who has custody over the petitioner.

B.  **Disposition of Remaining Claims**

Apart from insisting that his claims have merit, Petitioner does not advance any specific objection to the R&R's recommendations regarding the disposition of his remaining claims. The court addresses that issue here under the "clear error" standard. Regardless of whether the claims numbered (4) and (9) are exhausted, the court agrees with and adopts the R&R's recommendation to dismiss those claims with prejudice. Although Petitioner asserts that those claims are meritorious (*see* Doc. 16 at 2, 5, 7), neither claim is cognizable under § 2254 for the reasons stated in the R&R.

The R&R conducts an exhaustion analysis for the remaining claims—i.e., the claims numbered (1)–(3) and (5)–(8). (*See* Doc. 15 at 11–16.) As it applies to claim (5), that analysis is discussed above. In addition to that exhaustion analysis, the R&R also concludes that, with the exception of the arguments raised in the PCR case (i.e., claim number (5) in this § 2254 case), all of Petitioner's claims are time-barred under 28 U.S.C. § 2244(d)(1). (*See* Doc. 15 at 19.) The court concludes that it need not adopt the exhaustion analysis with respect to claims (1)–(3) and (6)–(8) because it finds no clear error in the statute-of-limitations analysis. For the reasons below, under that analysis, those claims should be dismissed.

As the R&R notes, a one-year statute of limitations applies to Petitioner's application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, no facts implicate the latter three dates; the latest date on which the one-year limitation period began to run was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The court agrees with and adopts the R&R's conclusion that the one-year limitations period began to run on September 26, 2013—90 days after the expiration of the time to seek direct review by writ of certiorari of the Vermont Supreme Court's June 28, 2013 decision in *State v. Fellows*, 2013 VT 45. The court also agrees with the R&R's conclusion that, with respect to claim (5), the limitations period has been tolled under 28 U.S.C. § 2244(d)(2) from November 5, 2013 until the present due to the pending PCR litigation. (*See* Doc. 15 at 20–21.)

The application of the limitations period to Petitioner's remaining claims is somewhat less clear. "The Second Circuit has not clearly held whether a separate statute of limitations exists for each claim, or whether there is a single statute of limitations for the entire petition." *Perich v. Mazzuca*, No. CV-05-2942(DGT), 2007 WL 2455136, at *6 n.9 (E.D.N.Y. Aug. 23, 2007). On the other hand, as the R&R notes, courts in many other circuits have held that the statute of limitations must be applied individually to each claim in the habeas petition. (Doc. 15 at 19–20 (citing cases).)

District courts in this circuit have reached the same conclusion. *See United States v. Herbert*, No. 03-Cr-211(SHS), 2014 WL 3579806, at *3 (S.D.N.Y. July 21, 2014) ("Courts assess the timeliness of a habeas petition on a 'claim-by-claim basis.'"); *see also Khan v. United States*, 414 F. Supp. 2d 210, 215–16 (E.D.N.Y. 2006) (rejecting suggestion that timeliness of one

9

claim in § 2255 petition required consideration of all claims without independently analyzing each for timeliness). The First Circuit has held the same with respect to the analogous language in 28 U.S.C. § 2255(f). *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (per curiam). Even the Eleventh Circuit—which had originally blazed a trail holding that § 2241(d)(1) provides a single statute of limitations that applies to a habeas application as a whole—has since retreated from that position. *See Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013) (en banc) (overruling *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003)). The court accordingly finds no clear error in the R&R's statute-of-limitations analysis.

This leaves only claim number (5). As discussed above, that claim is unexhausted and there is no basis to conclude that the PCR process addressing that claim is ineffective or futile. Since no other claims remain, the proper disposition is to dismiss claim (5) without prejudice to refile after exhaustion. Insofar as it applies to claim (5) by itself, the court agrees with and adopts the R&R's recommendation not to stay the petition under *Rhines v. Weber*, 544 U.S. 269 (2005). (*See* Doc. 15 at 18–21.)

## Conclusion

The court AFFIRMS, APPROVES, and ADOPTS the R&R (Doc. 15), but narrows the rationale for dismissal of certain claims as described above. Respondent's Motion to Dismiss (Doc. 5) is GRANTED IN PART as follows:

The portion of the Motion seeking to substitute the Commissioner of Corrections as the proper Respondent is GRANTED. The portion of the Motion relating to a suggested stay and abeyance under *Rhines* is DENIED.

The claims in the Petition regarding ineffectiveness of PCR counsel and the Vermont Public Defender Act (claims identified as (4) and (9) in the R&R) are DISMISSED with prejudice.

All other claims in the Petition except for the ineffective-assistance-of-trial-counsel claim (i.e., claims identified as (1)–(3) and (6)–(8) in the R&R) are DISMISSED as time-barred.

The ineffective-assistance-of-trial-counsel claim (numbered (5) in the R&R) is DISMISSED without prejudice as unexhausted.

The § 2254 Petition (Doc. 3) is DISMISSED as described above.

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

Dated at Rutland, in the District of Vermont, this 25 day of April, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court